IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Vernon L. Weaver,**

    **Petitioner,**

    V.                                **Case No. 2:06-cv-884**

                                             **Judge Holschuh**
                                             **Magistrate Judge Abel**

**Warden, London Correctional
Institution,**

    **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

    Petitioner Vernon Weaver, a state prisoner, has filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Magistrate Judge on the petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.  Weaver does not challenge the constitutionality of his underlying criminal conviction.  He contends that the trial court improperly extended the term of his community control sanction without providing appropriate due process.  Specifically, he alleges that the trial judge failed to provide a hearing at which he was present and failed to give him timely notice of the extension of the term of his community control.  For the reasons that follow, the Magistrate Judge concludes that this claim is without merit and therefore **RECOMMENDS** that this action be **DISMISSED**.  Petitioner's request for issuance of a subpoena (doc 8) is **DENIED.**

## I.  PROCEDURAL HISTORY

Petitioner was indicted by the January 2000 term of the Franklin County grand jury for aggravated robbery, in violation of O.R.C. §2911.01, robbery, in violation of O.R.C. §2911.02, and carrying a concealed weapon, in violation of O.R.C. §2923.12, with a firearm specification.  Return of Writ, Exhibit 1.  While represented by counsel, on January 29, 2001, Weaver pleaded guilty to robbery.  On March 12, 2001, the trial court sentenced him to three years community control.  Return of Writ, Exhibits 2 and 3.  On March 10, 2004, the trial court extended Weaver's community control for a period of one year, until March 12, 2005, due to his failure to comply with the condition of community control that he obtain or maintain employment.  Return of Writ, Exhibit 4.  Thereafter, on February 28, 2005, after a hearing during which petitioner was represented by counsel, the trial court found Weaver to be in violation of community control.  The trial court restored petitioner to community control, extended the expiration date of his community control to March 12, 2006, and ordered Weaver to complete one hundred twenty days in the Franklin County Work Release Program.  Return of Writ, Exhibits 5 and 25.

However, on May 31, 2005, while represented by counsel, Weaver stipulated to again violating the terms of his community control.  The trial court revoked the community control sanction and imposed two years incarceration, that sentence to run consecutively to his six month sentence in Case Number 05CR-2195.  Return of Writ, Exhibits 6 and 25.  Petitioner did not file a timely appeal of the trial court's revocation of his community control; however, on January 17, 2006, he filed a motion for delayed

2

appeal with the state appellate court, alleging that he had not been advised of and did not know about his right to appeal. Return of Writ, Exhibit 8. On March 9, 2006, the appellate court denied petitioner's motion. Exhibit 9 to Return of Writ. Return of Writ, Exhibits 10 and 11. Petitioner filed a timely appeal to the Ohio Supreme Court. He raised the following propositions of law:

> 1. Whether appellant was denied equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution when the trial court failed to notify appellant of his right to appeal.
>
> 2. Whether appellant was denied equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution when the state appellate court refused to hear his delayed appeal.

Return of Writ, Exhibit 13. On August 2, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Return of Writ, Exhibit 15.

In addition to the delayed appeal, on April 25, 2006 Weaver filed a *pro se* motion to vacate his sentence in the state trial court, asserting that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). Return of Writ, Exhibit 16. The record before this Court does not indicate that the trial court has issued a decision on petitioner's motion; however, petitioner does not raise a *Blakely* claim in these federal habeas corpus proceedings.

On July 3, 2006, Weaver filed a *pro se* petition for a writ of habeas corpus with the Ohio Supreme Court. Return of Writ, Exhibit 18. He asserted that he was denied due process because the trial court extended his probation without timely notifying

3

him, and that the trial court therefore was without jurisdiction to impose any subsequent community control violation sanctions against him. *Id.* On August 23, 2006, the Ohio Supreme Court *sua sponte* dismissed petitioner's habeas corpus petition. Return of Writ, Exhibit 20.

On October 20, 2006, Weaver filed this *pro se* petition for a writ of habeas corpus under to 28 U.S.C. §2254. His sole claim reads:

> Sentencing court violated the petitioner's fundamental fairness, appellate rights, due process rights and consequently lost jurisdiction of the petitioner when notification of probation extension was not given to him.
>
> On March 9, 2004, the sentencing court extended the petitioner's probationary period without giving the petitioner the benefits of a hearing or notice. The petitioner had no idea that the court was considering extending his probationary period and the petitioner was not notified of the reason for the extension until approximately eleven months after the extension was already ordered, journalized, and in effect.

It is the position of the respondent that petitioner's claim is without merit.

## I. REQUEST FOR ISSUANCE OF A SUBPOENA

Petitioner filed a motion for issuance of a subpoena for the records and files of his community control from the Franklin County Probation Department and from his former probation officer Stephen Grimm for the month of March 2004 (doc. 8). He seeks these records to establish that, contrary to the statement of Grimm, *see* Return of Writ, Exhibit 27, he was not notified in March 2004 that the term of his community control had been extended by the trial court. Weaver argues that documents will show that he did not sign in or meet with his probation officer on March 16, 2004, at his

4

regularly scheduled office visit.  Also, Weaver states that he did not sign any acknowledgment of notice that the term of his community control had been extended.  Respondent opposes petitioner's request, stating that sign in sheets are not kept by probation department for more than two months; consequently, they are no longer available for March 2004.  Respondent further states that, in any event, the probation office does not require signatures from probationers acknowledging extensions of probation, so there are no such document.

      The discovery processes contained in the Federal Rules of Civil Procedure do not apply across the board in habeas corpus actions.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas corpus proceedings.  As a result of the holding in *Harris*, the Rules Governing Section 2254 Cases in the United States District Courts were promulgated in 1976.

      Specifically, Rule 6(a) provides –

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be

5

able to demonstrate that he is... entitled to relief....'" *Bracy*, 520 U.S. at 908-909 (quoting *Harris*, 394 U.S. at 300). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001):

> "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford*, 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Petitioner has not met this burden here. Petitioner has not demonstrated that the probation office maintains documents that would assist him here. Therefore, his request for issuance of a subpoena (doc. 8) is **DENIED.**

### III. MERITS

As discussed, petitioner asserts that he was denied due process because on March 9, 2004, three days before his community control was due to expire, the trial court issued an *ex parte* order extending the term of his community control for one year. He further alleges that the trial judge failed promptly notify him of the extension of his probation. Petitioner alleges that, in July or August 2004, probation officer Stephen Grim told him in a telephone conversation that his community control term had been extended to March 12, 2005.[1] *Traverse,* at 2. Moreover, petitioner alleges, he was not notified of the reason for such extension until January 8, 2005, after his arrest on new

---

[1] Stephen Grimm, petitioner's former probation officer, states that he personally notified petitioner of the trial court's extension of petitioner's term of probation due to petitioner's failure to seek or maintain employment, on March 16, 2004. Return of Writ, Exhibit 27, *Declaration of Stephen Grimm.*

6

charges of possession of cocaine. *Id.*

The Constitution does not require prior notice and a hearing before an *ex parte* extension of a criminal defendant's term of probation. *Forgues v. United States*, 636 F.2d 1125, 1126-27 (6th cir. 1980), citing *United States v. Cornwell,* 625 F.2d 686 (5th Cir. 1980); *United States v. Carey*, 565 F.2d 545 (8th Cir. 1977); *Skipworth v. United States*, 508 F.2d 598 (3rd Cir. 1975). The United States Supreme Court has held that due process mandates notice and a hearing prior to the revocation of a criminal defendant's probation or parole. *See Morrissey v. Brewer*, 408 U.S. 471 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Extension of a term of probation, however, does not implicate these same due process concerns:

> While ... probation entails significant restrictions on an individual, an extension of probation is clearly not as 'grievous' a 'loss' as revocation, and here it entailed no greater restrictions than those which existed previously. In fact, the primary 'loss' suffered by an individual whose probation has been extended lies not in the continuing restrictions themselves, but in the possibility of future revocation. While such a loss is indeed serious, it is merely potential at the time of extension, and the due process clause clearly provides the protection of a hearing in the event that revocation proceedings should subsequently occur....
>
> [T]he kind of factual inquiry in an extension proceeding is quite different from that in a revocation proceeding. In revocation proceedings, the trial judge must reasonably satisfy himself that the probationer has broken some law while on probation or has otherwise violated a condition of his probation. While the judge has considerable discretion as to whether to order revocation, he must at a minimum make an initial factual finding of a probation violation. A revocation hearing, therefore, provides the probationer with the crucial opportunity to contest an allegation of violation.

> In granting an extension, however, the trial judge is given greater latitude, and he need not find that any probation violation has occurred. For example, in *United States v. Squillante*, 144 F.Supp. 494, 497 (S.D.N.Y. 1956), the court refused to terminate the probation which it had previously extended, despite finding that the probationer had complied with the express condition of his probation, because it believed that 'the best interest of society warrants the continuation of supervision over the probationer.' *See also United States v. Rosner*, 161 F.Supp. 234 (S.D.N.Y.1958); *United States v. Squillante*, 137 F.Supp. 553 (S.D.N.Y.), aff'd, 235 F.2d 46 (2d Cir. 1956); *United States v. Edminston*, 69 F.Supp. 382, 384 (W.D.La.1947).

*Skipworth v. United States, supra,* 508 F.2d at 601-602.  In *Forgues v. United States*, *supra*, 636 F.2d at 1126-27, the Sixth Circuit followed *Skipworth* in holding that due process did not require a hearing before a judge extended the term of probation, but held that under its supervisory powers it would require district judges to "notify probationers of proposed extensions, and advise probationers that they have a right to a hearing before the court acts."

Contrary to Weaver's allegation here, the record demonstrates that the trial court conducted a hearing before extending his term of community control in March 2004, although he apparently was not present at that hearing.  *See* Return of Writ, Exhibit 27, *Declaration of Stephen Grimm*.  Further, petitioner has failed to demonstrate that he was prejudiced by the March 2004 *ex parte* extension.  *See Forgues v. United States, supra*

Petitioner contends that he was prejudiced because he was unable to appeal the trial court's extension of his community control and because his failure to report

8

because he did not know that his community control had been extended.  Further, this failure to report was later used against him in the February 2005 hearing to further extend the term of his community control.

Upon review of the record, these arguments are not persuasive.  In February 2005, Weaver's probation officer requested revocation of petitioner's community control because he had tested positive for drugs six times, refused to submit to a drug screen, failed to maintain employment, and pled guilty to an April 2004 resisting arrest offense.  Weaver's failure to report (from April 16, 2004 to June 17, 2004 and again from December 21, 2004 to January 4, 2005) was but one small aspect of his February 2005 revocation hearing.  *See* Return of Writ, Exhibit 26.  Moreover, Weaver, who was represented by counsel at the February 23, 2005 revocation hearing, stipulated to violating the terms of his community control.  *See* Return of Writ, Exhibit 5.  He did not make any challenge to the March 2004 extension of his probation.  *See*  Return of Writ, Exhibit 25, *Transcripts.*  Subsequently, on May 31, 2005, he pleaded guilty to possession of cocaine.  *Id.*  During his guilty plea, Weaver stated that he understood that his guilty plea served as grounds for revocation of his community control.  *Id.*  As discussed above, the trial court revoked his community control and imposed the jointly recommended sentence of two years.  *Id.*  I conclude that any argument that petitioner was denied due process when his term of community control was extended has been waived.

For all of the foregoing reasons, the Magistrate Judge concludes that petitioner

9

was not denied due process when the trial judge extended his term of community control in March 2004 or when the trial judge allegedly failed to timely notify him of that extension.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.  Petitioner's motion for issuance of a subpoena, Doc. No. 8, is **DENIED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

        s/Mark R. Abel  
        United States Magistrate Judge